IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MARCUS MCMULLEN, and <br> EMERY MAE MCMULLEN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PORT WENTWORTH <br> GEORGIA, OFFICER CHASSITY D. <br> PELLEGRINO, SERGEANT BRIAN <br> PHINNEY, and CHIEF OF POLICE <br> MATT LIBBY, <br><br> Defendants. | ) <br> ) <br> ) <br> )     CV417 067 <br> ) <br> ) CIVIL ACTION NO. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COME NOW, Marcus McMullen and Emery Mae McMullen, by and through their undersigned counsel, and hereby state their claims against the Defendants as follows:

### INTRODUCTION

1. This is a civil rights action brought by Plaintiffs Marcus and Emery Mae McMullen against Defendants the City of Port Wentworth, Georgia, Officer Chassity D. Pellegrino, individually and in her official capacity as a police officer with the City of Port Wentworth, Sergeant Brian Phinney, individually and in his official capacity as a police officer with the City of Port Wentworth, Matt Libby, individually and in his official capacity as the Director of Public Safety and Chief of Police for the city of Port Wentworth.

### JURISDICTION

2. Plaintiffs' claims arise in part from the Defendants' violation of their civil rights

as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the right secured by the First, Fourth, Fifth, and Fourteenth Amendments.

3. Jurisdiction is thereby conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Some or all of the Defendants currently reside in Chatham County, Georgia which is within this District and Division. The claims alleged arise primarily in this District and Division. Accordingly, venue properly lies within this Court pursuant to 28 U.S.C. § 1391 and Local Rule 2.1.

## PARTIES

5. Plaintiffs re-allege and incorporate all of the forgoing Paragraphs of this Complaint as if fully stated herein.

6. Plaintiffs Marcus and Emery Mae McMullen are residents of Chatham County, Georgia.

7. Defendant City of Port Wentworth is a municipal corporation in Chatham County, Georgia, incorporated under the laws of the State of Georgia.

8. Defendant Chassity D. Pellegrino was at all times relevant hereto acting within the course and scope of her employment as a police officer with the City of Port Wentworth.

9. Defendant Brian Phinney was at all times relevant hereto acting within the course and scope of his employment as a Sergeant with the City of Port Wentworth.

10. Defendant Matt Libby was at all times relevant hereto acting within the course and scope of his employment as the Director of Public Safety and the Chief of Police of the City

of Port Wentworth.

## FACTUAL ALLEGATIONS

11. Plaintiffs re-allege and incorporate all of the forgoing Paragraphs of this Complaint as if fully stated herein.

12. Plaintiffs Marcus McMullen and Emery Mae McMullen were married on April 6, 2015. After the ceremony, the McMullens, along with their two minor nephews, were traveling on Coastal Hwy in Port Wentworth, Georgia. The McMullens stopped at the Sai Food Mart which is located at 101 N. Coastal Hwy in Port Wentworth, Georgia.

13. On or about the same time, Port Wentworth Police Officer Chassity Pellegrino and Sergeant Brian Phinney were responding to a call regarding a domestic dispute at the Sai Food Mart stemming from an altercation between the store owner and his wife.

14. Officer Pellegrino entered the store, spoke with no one, and approached Mr. McMullen who was simply standing there attempting to protect his wife and the children.

15. Officer Pellegrino began shouting at Mr. McMullen, and for absolutely no justifiable reason, stabbed him with her pen and deployed her taser into Mr. McMullen. As Mr. McMullen was writhing on the floor in pain, Sergeant Phinney jumped on top of Mr. McMullen and placed him in handcuffs.

16. Officer Pellegrino then directed her fury to Emery Mae McMullen and the children.

17. Officer Pellegrino ordered a visibly terrified Emery Mae McMullen out of the store, confronted her in an angry and hostile manner, and proceeded to arrest her for absolutely

no justifiable reason. All of these actions were in front of the children who Officer Pellegrino left in a hot car in the month of April.

18. After the arrests, Officer Pellegrino planted a knife in the McMullens' vehicle; however, the knife was later determined to be the property of Sergeant Phinney.

19. The McMullens were jailed and forced to fight these entirely baseless charges for the next year and half. During that time, the McMullens hired an attorney paying thousands of dollars for a defense to charges that were eventually dismissed.

20. The McMullens suffered special damages, serious physical and emotional damages, and the loss of consortium of each other as the direct and proximate result of the actions of the Defendants.

### COUNT 1- AGGRAVATED ASSAULT AND BATTERY

21. Plaintiffs re-allege and incorporate all of the forgoing Paragraphs of this Complaint as if fully stated herein.

22. Defendants Pellegrino and Phinney unlawfully, intentionally, and without justification committed an aggravated assault and battery upon Plaintiff Marcus McMullen by stabbing, tazing, and striking Plaintiff Marcus McMullen

23. Defendants Pellegrino and Phinney unlawfully, intentionally, and without justification committed an aggravated assault and battery upon Plaintiff Emery Mae McMullen by unlawfully accosting, touching, and striking Plaintiff Emery Mae McMullen.

24. Defendants Pellegrino and Phinney's actions were committed during the course and scope of their employment with the City of Port Wentworth's Police Department.

25. As a direct and proximate result of the aggravated assaults and batteries committed by Defendants Pellegrino and Phinney, Plaintiffs Marcus and Emery Mae McMullen suffered serious physical and emotional pain and suffering.

## COUNT 2 - FALSE ARREST AND IMPRISONMENT

26. Plaintiffs re-allege and incorporate all of the forgoing Paragraphs of this Complaint as if fully stated herein.

27. Defendants Pellegrino and Phinney unlawfully, intentionally, and without justification falsely arrested and imprisoned Plaintiffs Marcus and Emery Mae McMullen.

28. Defendants Pellegrino and Phinney's actions were committed during the course and scope of their employment with the City of Port Wentworth's Police Department.

29. As a direct and proximate result of the false arrest and imprisonment committed by Defendants Pellegrino and Phinney, Plaintiffs Marcus and Emery Mae McMullen suffered serious physical and emotional pain and suffering and legal expenses.

## COUNT 3 - VIOLATION OF 42 U.S.C. § 1983

30. Plaintiffs re-allege and incorporate all of the forgoing Paragraphs of this Complaint as if fully stated herein.

31. The use of improper police procedures, excessive force, and unlawful arrest by Defendants Port Wentworth, Officer Pellegrino, Sergeant Phinney, and Chief Matt Libby violated the civil rights of the Plaintiffs under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and constitutes a violation of 42 U.S.C. § 1983.

32. The action of Defendants Pellegrino and Phinney and the use of improper procedures, excessive force, and unlawful arrest against the Plaintiffs were made under the color

of state law by those Defendants who were acting within the scope and course of their employment as police officers with the City of Port Wentworth.

33. The violation of the Plaintiffs' constitutional rights was caused by Defendants the City of Port Wentworth and Defendant Matt Libby's implementation of customs, policies, procedures, and official acts which reflected deliberate indifference to the constitutional rights of Plaintiffs. Such custom, policies, and official acts include, but are not limited to:

(a) the improper hiring of Officer Pellegrino who had well-documented history of improperly tazing handcuffed individuals, insubordination, alcohol abuse, mandatory behavioral counseling, citizen complaints, destruction of patrol cars, professional suspensions, a racist bias, and a tendency towards brutality and constitutional rights violations;

(b) the improper hiring of Officer Pellegrino who, at the time of her hiring by the City of Port Wentworth, was on administrative leave by the Chatham County Metropolitan Police Department after her arrest for domestic battery;

(c) the improper training of Officer Pellegrino to prevent her from ever using a taser on anybody, or in fact, ever allowing her to respond to any situation involving a disturbance with the public given her history of excessive force, substance abuse, personal arrest, impaired judgment, suspensions, and behavioral issues;

(d) the retention of Officer Pellegrino despite her use of, and predisposition to, unjustifiable use of brutal force;

    (e)    the retention of Officer Pelligrino despite continued complaints of Officer Pellegrino's behavior while employed by the City of Port Wentworth including Major Bradwick Sherrod's January 13, 2015 recommendation to Chief Libby that Officer Pelligrino be terminated immediately;

    (f)    the excessive use of force and wrongful detainment by Officer Pellegrino of the Plaintiffs while Officer Pellegrino was on probation and under a one year suspension from take-home patrol car privileges;

    (g)    such other customs, policies, or official acts which will be learned and proved through discovery.

34.    As a direct and proximate result of the unconstitutional acts of the Defendants, Plaintiffs incurred serious personal injuries, pain and suffering, and special damages.

## COUNT 4 - LOSS OF CONSORTIUM

35.    Plaintiffs re-allege and incorporate all of the forgoing Paragraphs of this Complaint as if fully stated herein.

36.    At all times relevant to this Complaint, Plaintiff Marcus McMullen was the husband of Plaintiff Emery Mae McMullen.

37.    As a result of Defendants' actions, Plaintiff Marcus McMullen has lost the society, love and companionship of his wife, for which he is entitled to compensation.

38.    At all times relevant to this Complaint, Plaintiff Emery Mae McMullen was the wife of Plaintiff Marcus McMullen.

39.    As a result of Defendants' actions, Plaintiff Emery Mae McMullen has lost the society, love and companionship of her husband, for which she is entitled to compensation.

WHEREFORE, Plaintiffs respectfully pray:

    (a)    That summons and process be issued and served upon all Defendants;

    (b)    For a trial by jury;

    (c)    For an award of monetary damages to compensate each for their constitutional violations, special damages, and physical and emotional pain and suffering

    (d)    For an award of monetary damages to compensate each for their loss of consortium of each other;

    (e)    For an award of punitive damages to be assessed against Defendants;

    (f)    For an award of all attorneys' fees and all costs of litigation against Defendants;

    (g)    Any other relief as this Court deems just and proper.

Respectfully submitted this 5th day of April, 2017.

TATE LAW GROUP, LLC

/s/ Mark A. Tate
Mark A. Tate
Ga. Bar No. 698820

/s/ James E. Shipley, Jr.
James E. Shipley, Jr.
Ga. Bar No. 116508

2 East Bryan Street, Suite 600
Savannah, Georgia 31401
912-234-3030
912-234-9700 (fax)