IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MARCUS MCMULLEN, and<br>EMERY MAE MCMULLEN, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Civil Action No. CV417-067 |
| CITY OF PORT WENTWORTH<br>GEORGIA, OFFICER CHASSITY D.<br>PELLEGRINO, SERGEANT BRIAN<br>PHINNEY, and CHIEF OF POLICE<br>MATT LIBBY, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANTS THE CITY OF PORT WENTWORTH, GEORGIA, AND CHIEF OF POLICE MATT LIBBY

COME NOW Defendants the City of Port Wentworth, Georgia, Sergeant Brian Phinney, and Chief of Police Matt Libby (collectively, "these Defendants"), without waiving any defenses, and file this Answer to Plaintiffs' Complaint.

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims against the City and Chief Libby in his official capacity are barred by the doctrine of sovereign immunity.

### THIRD DEFENSE

Plaintiffs' claims against Chief Libby in his individual capacity are barred by the doctrines of qualified immunity and official immunity.

## FOURTH DEFENSE

Some or all of Plaintiffs' claims may be barred by the applicable statute of limitations.

## FIFTH DEFENSE

Some of Plaintiffs' claims are barred as a result of an insufficient ante litem notice.

## SIXTH DEFENSE

Any injuries or damages allegedly sustained by Plaintiffs are the result of their own actions or the actions of others, and therefore these Defendants are not liable in any amount.

## SEVENTH DEFENSE

The City cannot be held liable for the actions of law enforcement officers in the performance of duties imposed upon them by law, and the City is not liable under a theory of respondeat superior for the alleged torts of any alleged employees engaged in their official duties.

## EIGHTH DEFENSE

Plaintiffs are not entitled to attorney's fees as a matter of law.

## NINTH DEFENSE

Plaintiffs are not entitled to punitive damages as a matter of law.

## TENTH DEFENSE

These Defendants respond to the enumerated allegations of Plaintiffs' Complaint as follows:

## INTRODUCTION

1.

In response to the allegations of paragraph 1 of Plaintiffs' Complaint, these Defendants admit only that Plaintiffs Marcus and Emery Mae McMullen have filed an action against

Defendants the City of Port Wentworth, Georgia, Officer Chassity D. Pellegrino, individually and in her official capacity as a police officer with the City of Port Wentworth, Sergeant Brian Phinney, individually and in his official capacity as a police officer with the City of Port Wentworth, and Matt Libby, individually and in his official capacity as the Director of Public Safety for the city of Port Wentworth. These Defendants deny any liability to Plaintiffs.

## JURISDICTION

2.

These Defendants deny the allegations of paragraph 2 of Plaintiffs' Complaint.

3.

In response to the allegations of paragraph 3 of Plaintiffs' Complaint, these Defendants admit that this Court has jurisdiction over this lawsuit. These Defendants deny the remaining allegations of paragraph 3 of Plaintiffs' Complaint.

## VENUE

4.

With regard to the City and Chief Libby, these Defendants admit the allegations of paragraph 4 of Plaintiffs' Complaint. The remaining allegations of paragraph 4 of Plaintiffs' Complaint are denied.

## PARTIES

5.

These Defendants reincorporate and re-allege their responses to the allegations contained in paragraphs 1 through 5 of Plaintiffs' Complaint as if set out verbatim.

6.

These Defendants are without sufficient information upon which to admit or deny the

allegations of paragraph 6 of Plaintiffs' Complaint.

7.

These Defendants admit the allegations of paragraph 7 of Plaintiffs' Complaint.

8.

In response to the allegations of paragraph 8 of Plaintiffs' Complaint, these Defendants admit that Defendant Chassity D. Pellegrino was employed by the City as a sworn and certified police officer at times relevant hereto. These Defendants deny the remaining allegations of paragraph 8 of Plaintiffs' Complaint.

9.

In response to the allegations of paragraph 9 of Plaintiffs' Complaint, these Defendants admit that Defendant Brian Phinney was employed by the City as a sworn and certified police officer at times relevant hereto. These Defendants deny the remaining allegations of paragraph 9 of Plaintiffs' Complaint.

10.

In response to the allegations of paragraph 10 of Plaintiffs' Complaint, these Defendants admit that Defendant Matt Libby was employed by the City as the Director of Public Safety at times relevant hereto. These Defendants deny the remaining allegations of paragraph 10 of Plaintiffs' Complaint.

**FACTUAL ALLEGATIONS**

11.

These Defendants reincorporate and re-allege their responses to the allegations contained in paragraphs 1 through 10 of Plaintiffs' Complaint as if set out verbatim.

12.

These Defendants are without sufficient information upon which to admit or deny the allegations of paragraph 12 of Plaintiffs' Complaint.

13.

In response to the allegations of paragraph 13 of Plaintiffs' Complaint, these Defendants admit that Ofc. Pellegrino and Sgt. Phinney responded to a call at 101 N. Coastal Highway in Port Wentworth, Georgia, regarding a domestic dispute. The remaining allegations of paragraph 13 of Plaintiffs' Complaint are denied.

14.

These Defendants deny the allegations of paragraph 14 of Plaintiffs' Complaint.

15.

These Defendants deny the allegations of paragraph 15 of Plaintiffs' Complaint.

16.

These Defendants deny the allegations of paragraph 16 of Plaintiffs' Complaint.

17.

These Defendants deny the allegations of paragraph 17 of Plaintiffs' Complaint.

18.

These Defendants are without sufficient information upon which to admit or deny the allegations of paragraph 18 of Plaintiffs' Complaint.

19.

These Defendants deny the allegations of the first sentence of paragraph 19 of Plaintiffs' Complaint. In response to the allegations of the second sentence of paragraph 19 of Plaintiffs' Complaint, these Defendants admit that the charges were eventually dismissed. These Defendants are without sufficient information upon which to admit or deny the remaining

allegations of paragraph 19 of Plaintiffs' Complaint.

20.

These Defendants deny the allegations of paragraph 20 of Plaintiffs' Complaint.

## COUNT 1 – AGGRAVATED ASSAULT AND BATTERY

21.

These Defendants reincorporate and re-allege their responses to the allegations contained in paragraphs 1 through 20 of Plaintiffs' Complaint as if set out verbatim.

22.

These Defendants deny the allegations of paragraph 22 of Plaintiffs' Complaint.

23.

These Defendants deny the allegations of paragraph 23 of Plaintiffs' Complaint.

24.

In response to the allegations of paragraph 24 of Plaintiffs' Complaint, these Defendants admit that the actions of Ofc. Pellegrino and Sgt. Phinney with respect to interactions with the Plaintiffs on April 6, 2015, were undertaken as sworn and certified police officers employed by the City. These Defendants deny the remaining allegations of paragraph 24 of Plaintiffs' Complaint.

25.

These Defendants deny the allegations of paragraph 25 of Plaintiffs' Complaint.

## COUNT 2 – FALSE ARREST AND IMPRISONMENT

26.

These Defendants reincorporate and re-allege their responses to the allegations contained in paragraphs 1 through 25 of Plaintiffs' Complaint as if set out verbatim.

27.

These Defendants deny the allegations of paragraph 27 of Plaintiffs' Complaint.

28.

In response to the allegations of paragraph 28 of Plaintiffs' Complaint, these Defendants admit that the actions of Ofc. Pellegrino and Sgt. Phinney with respect to interactions with the Plaintiffs on April 6, 2015, were undertaken as sworn and certified police officers employed by the City. These Defendants deny the remaining allegations of paragraph 28 of Plaintiffs' Complaint.

29.

These Defendants deny the allegations of paragraph 29 of Plaintiffs' Complaint.

## COUNT 3 – VIOLATION OF 42 U.S.C. § 1983

30.

These Defendants reincorporate and re-allege their responses to the allegations contained in paragraphs 1 through 29 of Plaintiffs' Complaint as if set out verbatim.

31.

These Defendants deny the allegations of paragraph 31 of Plaintiffs' Complaint.

32.

In response to the allegations of paragraph 32 of Plaintiffs' Complaint, these Defendants admit that the actions of Ofc. Pellegrino and Sgt. Phinney with respect to interactions with the Plaintiffs on April 6, 2015, were undertaken as sworn and certified police officers employed by the City. These Defendants deny the remaining allegations of paragraph 32 of Plaintiffs' Complaint.

33.

These Defendants deny the allegations of paragraph 33 of Plaintiffs' Complaint.

(a) These Defendants deny the allegations of subpart (a) of paragraph 33 of Plaintiffs' Complaint.

(b) These Defendants deny the allegations of subpart (b) of paragraph 33 of Plaintiffs' Complaint.

(c) These Defendants deny the allegations of subpart (c) of paragraph 33 of Plaintiffs' Complaint.

(d) These Defendants deny the allegations of subpart (d) of paragraph 33 of Plaintiffs' Complaint.

(e) These Defendants deny the allegations of subpart (e) of paragraph 33 of Plaintiffs' Complaint.

(f) These Defendants deny the allegations of subpart (f) of paragraph 33 of Plaintiffs' Complaint.

(g) These Defendants deny the allegations of subpart (g) of paragraph 33 of Plaintiffs' Complaint.

34.

These Defendants deny the allegations of paragraph 34 of Plaintiffs' Complaint.

## COUNT 4 – LOSS OF CONSORTIUM

35.

These Defendants reincorporate and re-allege their responses to the allegations contained in paragraphs 1 through 34 of Plaintiffs' Complaint as if set out verbatim.

36.

These Defendants are without sufficient information upon which to admit or deny the allegations of paragraph 36 of Plaintiffs' Complaint.

37.

These Defendants deny the allegations of paragraph 37 of Plaintiffs' Complaint.

38.

These Defendants are without sufficient information upon which to admit or deny the allegations of paragraph 38 of Plaintiffs' Complaint.

39.

These Defendants deny the allegations of paragraph 37 of Plaintiffs' Complaint.

WHEREFORE, these Defendants pray that Plaintiffs' Complaint be dismissed with prejudice, that the prayers for relief in their Complaint be denied, and that all costs of this action be cast against Plaintiffs.

This 28th day of April, 2017.

OLIVER MANER LLP

/s/ **Patrick T. O'Connor**
PATRICK T. O'CONNOR
Georgia Bar No. 548425

P.O. Box 10186
Savannah, GA 31412
(912) 236-3311
pto@olivermaner.com            *Attorney for The City of Port Wentworth, Sergeant Phinney, and Chief Libby*

ELIZABETH PAVLIS
Georgia Bar No. 553545

Zipperer, Lorberbaum & Beauvais
P.O. Box 9147

Savannah, GA 31412
(912) 232-3770
epavlis@zlblaw.com *City Attorney, City of Port Wentworth*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MARCUS MCMULLEN, and<br>EMERY MAE MCMULLEN,<br><br>   Plaintiffs,<br><br>v.<br><br>CITY OF PORT WENTWORTH<br>GEORGIA, OFFICER CHASSITY D.<br>PELLEGRINO, SERGEANT BRIAN<br>PHINNEY, and CHIEF OF POLICE<br>MATT LIBBY,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. CV417-067<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of **ANSWER OF DEFENDANTS THE CITY OF PORT WENTWORTH, GEORGIA, AND CHIEF OF POLICE MATT LIBBY** upon all counsel of record by filing the same with the U.S. District Court CM/ECF system which will send an electronic notice to the following:

| | |
|---|---|
| Mark A. Tate<br>James E. Shipley, Jr.<br>Tate Law Group, LLC<br>2 E. Bryan Street, Suite 600<br>Savannah, GA 31401 | Richard K. Strickland<br>Brown, Readdick, Bumgartner, Carter,<br>Strickland & Watkins, LLP<br>P.O. Box 220<br>5 Glynn Avenue<br>Brunswick, GA 31521-0220 |

This 28th day of April, 2017.

                OLIVER MANER LLP


                /s/ **Patrick T. O'Connor**
                PATRICK T. O'CONNOR
                Georgia Bar No. 548425

P.O. Box 10186

Savannah, GA 31412
(912) 236-3311
pto@olivermaner.com

*Attorney for The City of Port Wentworth, Sergeant Phinney, and Chief Libby*